IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RASHI S.**[1], <br><br>      Plaintiff, <br><br>    v. <br><br>**COMMISSIONER OF SOCIAL SECURITY**, <br><br>      Defendant. | Case No. 3:24-cv-1259-SI <br><br> **OPINION AND ORDER** |

Rashi S., Portland, OR. Plaintiff *Pro se*.

Scott Bradford, Interim United States Attorney, and Kevin Danielson, Executive Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Jeffrey E. Staples, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, Social Security Administration, 6401 Security Boulevard, Baltimore, MD. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Rashi S. brings this action *pro se* pursuant to 42 U.S.C. § 405(g) of the Social

Security Act ("the Act"), to obtain judicial review of the final decision of the Commissioner of

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

the Social Security Administration ("the Commissioner") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Act. For the following reasons, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The decision of the administrative law judge ("ALJ") is the final decision of the Commissioner in this case. The district court must affirm the ALJ's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla" and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing court, however, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Id.*; *see also Bray*, 554 F.3d at 1225-26.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for SSI in January 2021. AR 11. Plaintiff was born on December 10, 1983, making him 37 years old on the date he filed his SSI application. AR 19. In his application, he alleged disability beginning January 1, 2020. AR 11. Plaintiff's claim was denied initially on March 21, 2022, and upon reconsideration on September 7, 2022. *Id*. Plaintiff requested and was scheduled for a hearing before an ALJ. *Id*. Plaintiff first appeared before the ALJ at a hearing on November 28, 2023, during which the ALJ granted a continuance of the proceedings to allow Plaintiff time to secure legal representation. AR 74. On April 16, 2024, Plaintiff again appeared before an ALJ and agreed to proceed with the hearing *pro se*.[2] AR 11. On May 15, 2024, the ALJ issued a decision finding that Plaintiff was not disabled. AR 11-21. Plaintiff timely appealed the ALJ's decision to the Appeals Council, which denied the request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff appeals that decision to this Court.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are:

---

[2] Plaintiff wrote to the ALJ that he attempted to find an attorney to assist with his claim but was unable to secure representation. Plaintiff thus requested to proceed with the hearing *pro se*. AR 236.

> (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25. Each step is potentially dispositive. 20 C.F.R. § 416.920(a)(4). If the analysis continues beyond step three, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC").

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *See Tackett*, 180 F.3d at 1099; *Bustamante*, 262 F.3d at 954.

## C. The ALJ's Decision

At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity during the fourth quarter of 2021, the first, third, and fourth quarters of 2022, and the third and fourth quarters of 2023. AR 13. There had, however, been a continuous twelve-month period during which Plaintiff did not engage in substantial gainful activity, and the ALJ's remaining findings addressed this period. AR 14. At step two, the ALJ found that Plaintiff had the

following severe impairments: cervical and thoracic degenerative disc disease, a depressive disorder, an anxiety disorder, and posttraumatic stress disorder ("PTSD"). *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 14-15.

The ALJ next found that Plaintiff had the RFC to perform medium work, as defined in 20 C.F.R. § 416.967(c) with the following additional limitations:

> he can occasionally reach overhead. He can occasionally climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can tolerate occasional exposure to extreme cold, vibration, and atmospheric conditions such as fumes, odors, dust, gases, and poor ventilation. He can tolerate no exposure to hazards such as unprotected heights and moving mechanical machinery. He can never operate a motor vehicle. He can understand, remember, and carry out simple, detailed tasks that can be learned in 30 days or less. He can tolerate occasional changes in a routine work setting.

AR 15. At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. AR 19. At step five, the ALJ found that, considering his age, education, work experience, and RFC, there were jobs that exist in significant numbers in the economy that Plaintiff could perform. AR 19-20. The ALJ thus concluded that Plaintiff was not disabled within the meaning of the Act. AR 20-21.

## DISCUSSION

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Even construing Plaintiff's brief liberally, however, Plaintiff raises no coherent arguments assigning error to the ALJ's decision, and in fact does not appear to discuss directly

the ALJ's opinion. Plaintiff's opening brief discusses various topics unrelated to the disability determination at issue, and he did not file a reply brief.[3]

      First, Plaintiff appears to claim that he has been disabled since childhood. He refers to an automobile accident in 1992 that resulted in his "growth [and] development, comprehension, arithmetic, logic, understanding and memory" not "function[ing] properly." But Plaintiff makes no specific argument that the ALJ committed any legal error pertaining to his current disability application filed in January 2021, when he was 37 years old. The Court will not consider matters that are not "specifically and distinctly argued" in a party's opening brief. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). Plaintiff next lists dollar amounts of what are presumably his own calculations of approximate costs for a basic education. These estimated costs again provide no insight into any possible errors the ALJ may have committed. Indeed, without more, the Court cannot discern how this list relates in any way to Plaintiff's disability claim, let alone how it may challenge the decision of the ALJ.

      Plaintiff next touches briefly on several issues, including his four criminal "adult convictions," that he completed more than thirteen years of incarceration, and the dollar amounts of financial aid awards for education that he has received in the past decade. Plaintiff again raises no specific legal challenges to the ALJ's decision. Moreover, each of these matters predates the period relevant to Plaintiff's disability determination, sometimes by decades. Even if the Court

---

[3] Plaintiff filed six supplemental exhibits in addition to his opening brief. The Court, however, will only consider documents that are part of the official administrative record. "[A] federal court's judicial review of the ALJ's opinion is limited to the certified administrative record." *Francesca S. v. O'Malley,* 2024 WL 1134966, at *12 (S.D. Cal. Mar. 15, 2024); *see also Miller v. Comm'r of Soc. Sec.,* 811 F.3d 825, 839 (6th Cir. 2016) ("The district court simply was not in the position to consider new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." (quotation marks omitted)).

could detect a grievance contained within Plaintiff's statement, the Court's scope of review is constrained to that of the "final decision" of the Commissioner of Social Security. 42 U.S.C. § 405(g). The Court will thus not address matters that fall outside the scope of the administrative record and the ALJ's decision.

Plaintiff next offers a statement of his occupation and general hourly wage range, as well as his estimated annual income, and a note stating he is "considered [l]ow-[i]ncome and eligible for state assistance." But again, Plaintiff makes no specific argument that the ALJ committed legal error in his disability determination. Additionally, Plaintiff engaged in substantial gainful activity during the relevant period, despite alleging disability starting in 2021. *See* AR 730, 1168; 20 C.F.R. § 416.972 (defining substantial gainful activity); 20 C.F.R. § 416.974 (guidelines for determining if a plaintiff can do substantial gainful activity). For example, Plaintiff earned $8,589 in the fourth quarter of 2021, $6,138 in the first quarter of 2022, $5,816 in the third quarter of 2022, $6,324 in the third quarter of 2023, and $5,101 in the fourth quarter of 2023. *See* AR 271, 292; *Substantial Gainful Activity*, Soc. Sec. Admin. http://www.ssa.gov/OACT/COLA/sga.html (listing monthly income amounts for which a person is ordinarily considered to be engaging in substantial gainful activity).

Plaintiff closes his brief with the statement "[t]he order to be reviewed is an agency order, the Order on Review of the Commissioner of the Social Security Administration dated May 22, 2024, affirming the Administrative Law Judge's Opinion and Order of May 15, 2024, in a contested case." While at least here, Plaintiff acknowledges that the ALJ played a role in the determination of his case, he again provides no argument for the Court to consider. Plaintiff raises no specific legal challenges to or citation to specific errors in the ALJ's decision. Even stretching the Court's discretion reserved for *pro se* parties to its very limits, there is still no

PAGE 7 – OPINION AND ORDER

cognizable argument from Plaintiff that might support his case. The Court declines to create arguments on Plaintiff's behalf. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

Plaintiff has raised no specific argument as to how the evidence of record conflicts with the ALJ's specific finding that he was not disabled within the meaning of the Act at any time from January 19, 2021, the date of his application, through May 10, 2024, the date of the ALJ's decision.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled.

**IT IS SO ORDERED**.

DATED this 25th day of August, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge